IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ORICA NEW ZEALAND LTD d/b/a ) | |
| ORICA CHEMNET NEW ZEALAND LTD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2310-KHV |
| SEARLES VALLEY MINERALS ) | |
| OPERATIONS INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Orica New Zealand Ltd d/b/a Orica Chemnet New Zealand Ltd ("Orica") brings suit against Searles Valley Minerals Operations Inc. ("Searles") for breach of contract, breach of express warranty, breach of implied warranty of merchantability and unjust enrichment arising from the sale of sodium sulfate. This matter comes before the Court on Searles Valley Mineral[s] Operations Inc.'s Motion To Dismiss Counts III and IV of Plaintiff's Second Amended Complaint (Doc. #13) filed September 27, 2004. Defendant seeks to dismiss plaintiff's claims for breach of implied warranty of merchantability (Count III) and unjust enrichment (Count IV). For reasons stated below, the Court sustains the motion.

## Legal Standards

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well pleaded facts and views them in a light most favorable to plaintiff. Zinermon v. Burch, 494 U.S. 113, 118 (1990). The Court makes all reasonable inferences in favor of plaintiff, and liberally construes the pleadings. Rule 8(a), Fed. R. Civ. P.; Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts

which would entitle it to relief. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan., 927 F.2d 1111, 1115 (10th Cir. 1991). Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on material elements that must be proved. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Defendant bears the burden to show that plaintiff cannot prove any set of facts which would entitle it to relief. See, e.g., Gould Elec. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998); Schrag v. Dinges, 788 F. Supp. 1543, 1552 (D. Kan. 1992).

## Analysis

### I. Breach Of Implied Warranty Of Merchantability (Count III)

Defendant asserts that plaintiff does not state a claim for breach of the implied warranty of merchantability because the parties' agreement expressly disclaims such warranties.[1] In order to exclude or modify an implied warranty of merchantability in a written agreement, the language must mention the word "merchantability" and the disclaimer must be conspicuous. See K.S.A. § 84-2-316. To be "conspicuous," a term or clause must be written so that "a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NONNEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is conspicuous if it is in larger or other contrasting type or color." K.S.A. § 84-1-201(10) (quotation omitted).

The sufficiency of an implied warranty disclaimer is a question of law for the Court. See J&W

---

[1] In ruling on the motion to dismiss, the Court may consider the parties' agreement because it is attached to the complaint and is central to plaintiff's claims. See GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

Equip., Inc. v. Weingartner, 5 Kan. App.2d 466, 467-68, 618 P.2d 862, 864 (1980). In deciding whether a disclaimer is conspicuous, the Court considers the entire document. See id. at 470, 618 P.2d at 866. Contrasting type, ink color and type size are relevant factors, but they are not determinative. See Kelley Metal Trading Co. v. Al-Jon/United, Inc., 812 F. Supp. 185, 189 (D. Kan. 1993). The ultimate question is whether the disclaimer is written in a manner which draws the reader's attention to it. See Weingartner, 5 Kan. App.2d at 470, 618 P.2d at 866.

In this case, the parties executed a distribution agreement which is ten pages long and contains 26 paragraphs. See Exhibit A to Second Amended Complaint (Doc. #12) filed September 2, 2004. Each paragraph is numbered, set apart by extra spacing and labeled with an underlined heading. The bulk of the document is in lower case type, but two paragraphs regarding warranty and limit of liability (paragraphs 12 and 14) contain sentences which are in capital letters. Paragraph 12, dealing with warranty, states as follows:

> Warranty
> [Searles] warrants that it will transfer to [Orica] good title to the Products and that at the time of shipment the Products will conform to any specifications issued from time to time by [Searles]. [Orica] shall notify [Searles] of the failure of any Products to conform to [Searles'] specifications by the earlier of (i) 120 days after [Searles'] shipment of the Products or (ii) twenty days after [Orica's] receipt of a customer complaint. Any claims not made prior to the earlier of these deadlines shall be deemed to be waived. [Searles] shall have no obligation with respect to Products that do not conform to [Searles] specifications because of any mishandling or other actions or inaction by [Orica] or its customer(s).
> EXCEPT AS STATED ABOVE, [SEARLES] MAKES NO WARRANTIES REGARDING THE PRODUCTS AND ALL OTHER WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ARE HERE DISCLAIMED. [ORICA] HAS NO AUTHORIZATION TO MAKE ANY REPRESENTATION, STATEMENT OR WARRANTY ON [sic] FOR [SEARLES] RELATING TO ANY PRODUCTS SOLD HEREUNDER OTHER THAN IS

> EXPRESSLY PROVIDED BY THE TERMS OF THE WARRANTY IN THIS SECTION. [ORICA] SHALL BE RESPONSIBLE FOR THE EFFECT OF ANY UNAUTHORIZED REPRESENTATION, STATEMENT OR WARRANTY.

Exhibit A to Second Amended Complaint (Doc. #12) ¶12.

Plaintiff argues that as a matter of law, the disclaimer is not "conspicuous." The Court disagrees. Viewing the document as a whole, the disclaimer is written in such a manner that "a reasonable person against whom it is to operate ought to have noticed it." K.S.A. § 84-1-201(10). Only two paragraphs in the document contain sentences which are in capital letters, and those provisions quickly jump to the reader's eye. See Exhibit A to Second Amended Complaint (Doc. #12) ¶¶ 12, 14. The disclaimer in this case is similar to the warranty disclaimers in CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co., No. 87-1022-C, 1990 WL 171010 (D. Kan. Oct. 3, 1990), and J&W Equipment, Inc. v. Weingartner, 5 Kan. App.2d 466, 618 P.2d 862 (1980). In those cases, the courts concluded that disclaimers which were written in capital letters were conspicuous. See CAT Aircraft, 1990 WL 171010 at *5-6 (capital letters also underlined); Weingartner, 5 Kan. App.2d at 470-71, 618 P.2d at 866. Based on the reasoning in those cases, the Court concludes that the disclaimer in this case is conspicuous. Cf. Kelley Metal, 812 F. Supp. at 189 (disclaimer in lower case letters, same size and same ink color as other provisions not conspicuous). The Court will therefore dismiss plaintiff's claim for breach of implied warranty of merchantability.

## II.     Unjust Enrichment (Count IV)

Defendant contends that plaintiff does not state a claim for unjust enrichment because a valid written agreement exists between the parties. Plaintiff responds that it asserts such claim as an alternate theory in

case defendant denies that it is a party to the agreement.[2] In reply, defendant agrees that it is bound as a party to the agreement. See Searles Valley Minerals' Reply To Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss Counts III And IV of Plaintiff's Second Amended Complaint (Doc. #20) filed November 19, 2004 at 8. In light of defendant's stipulation, plaintiff cannot prevail on a theory of unjust enrichment. See Fusion, Inc. v. Neb. Aluminum Castings, Inc., 934 F. Supp. 1270, 1275 (D. Kan. 1996) (implied contract theory not available when valid written contract addresses issue in question).

**IT IS THEREFORE ORDERED** that Searles Valley Mineral[s] Operations Inc.'s Motion To Dismiss Counts III and IV of Plaintiff's Second Amended Complaint (Doc. #13) filed September 27, 2004 be and hereby is **SUSTAINED.** The Court dismisses plaintiff's claims for breach of implied warranty of merchantability (Count III) and unjust enrichment (Count IV). Plaintiff's claims for breach of contract (Count I) and breach of express warranty (Count II) remain in the case.

Dated this 17th day of February, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2] Defendant's predecessors, IMC Chemicals Inc. and North American Chemical Company, apparently entered into the agreement with plaintiff. See Response To Motion (Doc. #18) at 8.